# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL LAND, | ) )  ) |
| Plaintiff, | ) ) CASE NO. ) |
| v. | ) ) ) DECLARATION |
| NIR ROKAH and BINA – N.R. CONSULTING LTD., | ) ) ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF NATHANIEL LAND

Pursuant to 28 U.S.C. § 1746, I do hereby declare under penalty of perjury that the following is true and correct:

1. I am over the age of twenty-one, suffer from no legal disability, and am competent and authorized to make this affidavit and testify to the statements and facts contained herein. The statements made in this declaration are based upon my personal knowledge of the facts set forth below.

2. I am the owner and sole member of Clear Landing Capital, LLC ("Clear Landing"), a New York limited liability company.

3. Clear Landing has never been registered with the Financial Industry Regulatory Authority ("FINRA").

4. On or around October 14, 2022 the Defendants in this case, Nir Rokah ("Mr. Rokah") and his company BINA-N.R. Consulting, Ltd. ("BINA") filed an arbitration against me and the firm I was formerly associated with, Brooks, Houghton Securities, Inc. ("BHS") before FINRA (the "FINRA Arbitration").

1

5. In or around July 2018 Clear Landing agreed to provide certain consulting services to Yishai "Jesse" Raphael ("Mr. Raphael") and his company ARIDO brand jewelry.

6. In connection with these consulting services for Mr. Raphael and ARIDO provided by Clear Landing, I was put into contact with Mr. Rokah and his company BINA.

7. I was not present at the meeting between Mr. Raphael and Mr. Rokah described on pages 4-6 of the Statement of Claim in August 2018. I, nor Clear Landing, ever agreed to hold any funds in escrow, and did not enter into any escrow agreement with Mr. Rokah or his company BINA.

8. Prior to ever communicating with Mr. Rokah or BINA, Mr. Raphael informed Clear Landing that Mr. Rokah would be sending funds to ARIDO to be received by Clear Landing.

9. Mr. Raphael requested that I provide him with wiring instruction for Clear Landing's business checking account to receive the funds from Mr. Rokah, which I did.

10. Beginning in August 2018, Mr. Rokah began wiring funds to ARIDO through Clear Landing.

11. All of the funds sent by Mr. Rokah were received in Clear Landing's business checking account.

12. All of the interactions I had with Mr. Rokah and BINA were on behalf of Clear Landing. I did not do any business with either Mr. Rokah or BINA in my personal capacity. This is demonstrated by the various exhibits attached to the Defendants' Statement of Claim in the FINRA Arbitration, which bear Clear Landing's heading and contact information.

13. The interactions I had with Mr. Rokah and BINA were on behalf of Clear Landing in relation to the consulting services Clear Landing was providing to Mr. Raphael and ARIDO.

14. I never entered into any agreement with Mr. Rokah or BINA in my personal capacity.

15. I never sold any goods (or anything) to Mr. Rokah or BINA.

16. I never provided any services to Mr. Rokah or BINA in my personal capacity.

Executed on this 12 day of January, 2023.

_____
Nathaniel Land